T.C. Memo. 2005-185


UNITED STATES TAX COURT



WILLIAM M. LEGGETT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13291-04.                    Filed July 26, 2005.


William M. Leggett, pro se.

<u>Monica J. Miller</u>, for respondent.



MEMORANDUM FINDINGS OF FACT AND OPINION


VASQUEZ, <u>Judge</u>:  Respondent determined a $3,285 deficiency

in, an $821.25 addition to tax pursuant to section 6651(a)(1)[1]

on, and a $131.29 addition to tax pursuant to section 6654(a) on

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

petitioner's 2001 Federal income tax. The issues for decision are: (1) Whether income received by petitioner in 2001 is taxable; (2) whether petitioner is liable for self-employment tax for 2001; (3) whether petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for 2001; (4) whether petitioner is liable for an addition to tax pursuant to section 6654(a) for 2001; and (5) whether to impose a penalty pursuant to section 6673.

### FINDINGS OF FACT

Pursuant to Rule 91(f), some of the facts have been deemed stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Florida.

Petitioner's Prior Tax Court Case

In October 2001, petitioner participated in a trial before this Court regarding his 1994, 1995, and 1996 tax years (2001 trial). The issues in the 2001 trial regarded unreported income (deficiencies), delinquency additions to tax, and estimated tax additions to tax for 1994, 1995, and 1996.

Petitioner did not dispute receiving the moneys listed in the statutory notice of deficiency for 1994, 1995, and 1996; he merely disputed that these amounts met the definition of income.

Before the 2001 trial, petitioner sent respondent a request for admissions. Respondent responded to the request for

admissions, but petitioner was not satisfied with respondent's answers. For example, petitioner asked respondent to "'admit that no statute contained in Title 26 of the U.S. Code--United States Code, makes Petitioner liable for the tax in the instant action with which--which made him a taxpayer.'" Respondent responded: "'Denies and alleges that Petitioner knows that he is liable for federal income tax,' based on the fact that in previous years" petitioner filed tax returns.

During the 2001 trial, petitioner asked the Court to give him a definition of income, and petitioner stated that he was pursuing his case in an effort to find out what is taxable income. The Court referred petitioner to section 61 and advised petitioner that money and other goods received in exchange for his personal services are taxable income.

After learning that petitioner had not filed Federal income tax returns for 1997, 1998, 1999, and 2000, the Court admonished petitioner that he needed to file his returns and that it was not too late. The Court advised petitioner: "You have been duped," and petitioner responded: "I know." The Court admonished petitioner not to let this situation happen again.

At the 2001 trial, the Court rendered a bench opinion. We sustained revised (lowered) deficiencies of $28,596 and $9,771 for 1994 and 1996, respectively. We sustained the $6,628

deficiency for 1995 determined in the notice of deficiency. We also sustained the additions to tax.

The Court based our holding on "the invalidity of the taxpayer's arguments with regard to the nontaxability of the income received from * * * his air-conditioning and heating business." The Court further noted: "The evidence is also clear and overwhelming that the taxpayer has somehow bought on to some tax protester scheme."

We concluded by stating: "hopefully, he [petitioner] will be anxious to pay his full share of taxes in the years ahead, and file his returns timely and avoid the situation he's currently in."

Petitioner's Current Tax Court Case

During 2001, petitioner was married to Martha Leggett. Petitioner failed to file Federal income tax returns for 1997, 1998, 1999, 2000, and 2001.

In 2001, petitioner received Social Security benefits of $14,208. In 2001, petitioner received $4,010 from Maronda Homes, Inc. (Maronda), and $5,890 from Rain-Tile Roofing, Inc. (Rain-Tile), in exchange for personal services rendered.

OPINION

I. Deficiencies

Generally, respondent's deficiency determinations set forth in the notices of deficiency are presumed correct, and petitioner

bears the burden of showing the determination is in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Section 7491(a), however, shifts the burden of proof to the Commissioner with respect to a factual issue affecting the tax liability of a taxpayer who meets certain preliminary conditions.  Petitioner failed to cooperate with respondent and did not produce any credible evidence with respect to any matter in this case.  See sec. 7491(a).  Furthermore, petitioner did not claim that section 7491(a) applies.  Accordingly, section 7491(a) does not apply in this case.

A.    Taxable Income

Pursuant to Rule 91(f), petitioner has admitted receiving the income in issue.  Petitioner, however, testified at trial that he did not believe he received Social Security benefits of $14,208 in 2001--the amount he is deemed to have stipulated to pursuant to Rule 91(f).  He testified that he thought his monthly check in 2001 was for $1,057--which would total $12,684 for 2001.  Petitioner relies on his own testimony to establish this lower amount.  Petitioner's testimony was conclusory and not credible.  Under the circumstances presented here, we are not required to, and generally do not, rely on petitioner's testimony to sustain his burden of establishing error in respondent's determinations.  See Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Geiger v. Commissioner, 440 F.2d 688,

689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Furthermore, petitioner did not introduce into evidence his Social Security checks or any documents establishing the amount of his Social Security checks.  If a party fails to introduce evidence within that party's possession, we may presume the evidence would be unfavorable to that party.  Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).

Petitioner's only argument regarding the taxability of the income in issue is a shopworn argument characteristic of tax-protester rhetoric that has been universally rejected by this and other courts.  Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986).  We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

Accordingly, we sustain respondent's determination regarding the amount of taxable income received by petitioner.

B.  Self-Employment Tax

Section 1401 imposes self-employment tax on self-employment income.  Section 1402 defines net earnings from self-employment

as the gross income derived by an individual from the carrying on of any trade or business by such individual less allowable deductions attributable to such trade or business.

Respondent determined that petitioner's income from Maronda and Rain-Tile is subject to self-employment tax. Petitioner's only argument is a shopworn argument characteristic of tax-protester rhetoric that has been universally rejected by this and other courts. Accordingly, we sustain respondent's determination regarding petitioner's liability for self-employment tax.

## II. Additions to Tax

Section 7491(c) provides that the Commissioner will bear the burden of production with respect to the liability of any individual for additions to tax. "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount". Swain v. Commissioner, 118 T.C. 358, 363 (2002); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001). If a taxpayer files a petition alleging some error in the determination of an addition to tax or penalty, the taxpayer's challenge will succeed unless the Commissioner produces evidence that the addition to tax or penalty is appropriate. Swain v. Commissioner, supra at 363-365. The Commissioner, however, does not have the obligation to introduce

evidence regarding reasonable cause or substantial authority. Higbee v. Commissioner, supra at 446-447.

A.   Section 6651(a)(1)

Respondent determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for 2001.  Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless such failure is due to reasonable cause and not due to willful neglect.

Petitioner did not file a return for 2001.  Accordingly, respondent has met his burden of production for the section 6651(a)(1) addition to tax for 2001.

Petitioner has not established that his failure to timely file for 2001 was due to reasonable cause.  See Higbee v. Commissioner, supra at 446-447.  Accordingly, petitioner is liable for the section 6651(a)(1) addition to tax for 2001.

B.   Section 6654(a)

Section 6654 imposes an addition to tax for failure to pay estimated income tax.  Respondent submitted no evidence that petitioner failed to pay estimated tax for 2001.  Furthermore, the stipulations do not establish that petitioner failed to pay estimated tax for 2001.  Accordingly, we conclude that respondent has not satisfied his burden of production regarding this issue

and petitioner is not liable for the addition to tax pursuant to section 6654(a) for 2001.

III. Section 6673

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in the proceedings or instituted the proceedings primarily for delay.  A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); see also Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987) (section 6673 penalty upheld because taxpayer should have known claim was frivolous).

Petitioner's only argument in this case was that his income was not taxable.  Petitioner was advised at the 2001 trial and at the trial of the instant case of the Code provisions regarding the taxability of his income.  We advised petitioner at the 2001 trial that his arguments were frivolous.  We conclude petitioner advanced frivolous and groundless positions in these proceedings.

We also are convinced that petitioner instituted the proceedings primarily for delay.  In addition to again advancing an argument the Court advised him was frivolous at the 2001 trial

and the instant trial, petitioner stated: "Well, I don't have enough information to refute anything at this point."

We advised petitioner at the 2001 trial that his arguments were frivolous, and we admonished him against advancing them again. Our admonition at the 2001 trial was insufficient to deter petitioner from returning to the Court and advancing the same frivolous and groundless position in the instant case. Furthermore, respondent advised petitioner by letter of the provisions of section 6673, but it also was insufficient to deter petitioner from returning to the Court and advancing a frivolous and groundless position in the instant case.

Accordingly, in light of the fact that petitioner took frivolous or groundless positions in this proceeding and instituted this proceeding primarily for delay, pursuant to section 6673(a) we hold petitioner is liable for a $5,000 penalty.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.