**Alan D. STANG, Petitioner—Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent— Appellee.**

No. 05–76003.
Tax Ct. No. 19150–03.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 15, 2006.

Alan D. Stang, Phoenix, AZ, pro se.

Robert R. Di Trolio, Donald L. Korb, Acting Chief Counsel Internal Revenue Service, Robert J. Branman, Esq., U.S. Department of Justice Tax Division, Washington, DC, for Respondent–Appellee.

R.App. P. 34(a)(2).

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

### MEMORANDUM **

Alan D. Stang appeals pro se from the Tax Court's decision, following a trial, in favor of the Commissioner of Internal Revenue ("Commissioner") in Stang's action contesting an unreported income determination for tax years 2000 and 2001. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review de novo the Tax Court's conclusions of law, *Hardy v. Commissioner*, 181 F.3d 1002, 1004 (9th Cir. 1999), and review for clear error its determination that a taxpayer received unreported income, *Weimerskirch v. Commissioner*, 596 F.2d 358, 360 (9th Cir.1979). We affirm.

The Tax Court did not err by according a presumption of correctness to the Commissioner's determination that Stang received unreported income based on the affidavit of Stang's employer and other documentation introduced at trial, and determining that Stang failed to rebut this presumption with evidence showing an error in the unreported income assessed. *See Hardy*, 181 F.3d at 1004–05 (shifting to taxpayer the burden of showing unreported income determination was erroneous after the Commissioner presents substantive evidence of unreported income).

The record reflects that Stang was assured that no criminal proceeding was pending and, thus, contrary to his contention, he was not entitled to invoke the Fifth Amendment privilege to justify his refusal to comply with discovery. *See* Tax

Ct. R. 91(f); *McCoy v. Commissioner*, 696 F.2d 1234, 1236 (9th Cir.1983).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

