T.C. Memo. 2006-253

UNITED STATES TAX COURT

WILLIAM M. LEGGETT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24854-04.               Filed November 21, 2006.

        P failed to file a Federal income tax return for
2002.  R determined a deficiency and additions to tax
pursuant to secs. 6651(a)(1) and 6654(a), I.R.C.

        <u>Held</u>:  P is liable for the deficiency determined
by R and additions to tax pursuant to secs. 6651(a)(1)
and 6654(a), I.R.C.

        <u>Held</u>, <u>further</u>, a penalty pursuant to sec. 6673,
I.R.C., is due from P and awarded to the United States
in the amount of $6,000.


William M. Leggett, pro se.

<u>Monica J. Miller</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge: Respondent determined a Federal income tax deficiency for petitioner's 2002 taxable year in the amount of $8,716, and additions to tax pursuant to sections 6651(a)(1) and 6654(a) of $2,614.80 and $291.26, respectively.[1] The issues for decision are: (1) Whether petitioner is liable for a deficiency and additions to tax on unreported income for the 2002 taxable year; and (2) whether the Court should impose a penalty under section 6673.

FINDINGS OF FACT

Some of the facts have been deemed stipulated pursuant to Rule 91(f), and additional facts have been stipulated by the parties.[2] The stipulations, with accompanying exhibits, are

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The Court found petitioner's objection to the proposed stipulation of facts, based primarily on Fifth Amendment assertions, to be meritless. Respondent assured petitioner and the Court that "To the best of respondent's knowledge, petitioner has not currently, nor has he ever been, the subject of any criminal tax or other criminal investigation by respondent, that no criminal tax or other criminal investigation of petitioner is contemplated or anticipated by respondent, and that there are no indications that respondent ever even considered the imposition of civil fraud penalties in petitioner's several cases." The Fifth Amendment "protects against real dangers, not remote and speculative possibilities." Zicarelli v. N.J. State Commn. of Investigation, 406 U.S. 472, 478 (1972). Furthermore, "In a civil tax case, the taxpayer must accept the consequences of
(continued...)

incorporated herein by this reference.  At the time the petition was filed, petitioner resided in Sorrento, Florida.

Petitioner failed to file a Federal income tax return for his 2002 taxable year.  During 2002, petitioner was self-employed and installed residential and commercial heating and air-conditioning units.  Petitioner received compensation from Maronda Homes, Inc. and Victoria Investment Properties, Inc. in the amounts of $4,585 and $22,247, respectively.  Petitioner also received $14,544 in Social Security benefits.  During 2002, petitioner was married to Martha Leggett.

Respondent issued to petitioner a notice of deficiency on October 5, 2004, for the above-mentioned deficiency and additions to tax.[3]  Petitioner filed a timely petition disputing the deficiency and additions to tax.  Petitioner argued at trial and in documents submitted to the Court that he "does not and has not engaged in an activity that produces 'TAXABLE INCOME', but only

---

[2](...continued)
asserting the Fifth Amendment and cannot avoid the burden of proof by claiming the privilege and attempting to convert 'the shield * * * which it was intended to be into a sword'."  Lee v. Commissioner, T.C. Memo. 2002-95 (citing United States v. Rylander, 460 U.S. 752, 758 (1983)), affd. 61 Fed. Appx. 471 (9th Cir. 2003); see also Stang v. Commissioner, T.C. Memo. 2005-154, affd. ___ Fed. Appx. ___ (9th Cir., Sept. 15, 2006).

[3]The parties filed posttrial a supplemental stipulation of facts which stipulated that petitioner had additional income of $7,601.48 and was entitled to deduct expenses of $5,944.47. Respondent conceded that the deficiency and additions to tax determined in the notice of deficiency would remain unaffected.

an exchange of intellectual and physical property for an agreed upon perceived value in the only medium of exchange of the day i.e. FRN's [Federal Reserve Notes]".  Petitioner also contended that he is "a 'native born American national', not to be mistaken as a 'U.S. CITIZEN'" or taxpayer.

Petitioner is no stranger to the Court.  Petitioner has litigated two cases very similar to this instant case in which petitioner did not file Federal income tax returns, respondent determined deficiencies and additions to tax, and petitioner presented arguments similar to those asserted here.  In a 2001 trial (2001 trial) that resulted in a bench opinion, the Court explained to petitioner that taxable income includes money and other goods received in exchange for services and urged petitioner to file returns.  In a 2005 trial (2005 trial), the Court again rejected petitioner's arguments and awarded the United States a penalty pursuant to section 6673 in the amount of $5,000.  Leggett v. Commissioner, T.C. Memo. 2005-185.

OPINION

I.  Deficiency

In general, respondent's determination of a deficiency in the notice of deficiency is presumed correct, and petitioner bears the burden of showing that such determination was in error. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof on factual

issues that affect the taxpayer's tax liability may be shifted to the Commissioner where the "taxpayer introduces credible evidence with respect to any factual issue". The burden will shift only if the taxpayer has, inter alia, complied with substantiation requirements pursuant to the Internal Revenue Code, and "cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews". Sec. 7491(a)(2). Section 7491(a) does not apply in this case because petitioner did not produce any credible evidence.

In unreported income cases, the Commissioner must come forward with evidence establishing a minimal foundation, which may consist of evidence linking the taxpayer to an income-producing activity. Weimerskirch v. Commissioner, 596 F.2d 358, 360-361 (9th Cir. 1979), revg. 67 T.C. 672 (1977); Petzoldt v. Commissioner, 92 T.C. 661, 689 (1989). If the Commissioner introduces some evidence that the taxpayer received unreported income, then the burden shifts to the taxpayer to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous. Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), affg. T.C. Memo. 1997-97. The Court concludes, based on the stipulated facts, that respondent has established a minimal foundation. Accordingly, the burden shifts to petitioner.

In petitioner's previous cases the Court specifically rejected as meritless petitioner's argument that taxable income does not include an exchange of personal services for property. The Court shall not further address petitioner's repeated argument "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Therefore, the Court sustains respondent's determination of petitioner's 2002 tax deficiency.

II. Additions to Tax

The Commissioner bears the burden of production in any court proceeding with respect to an individual's liability for penalties or additions to tax. Sec. 7491(c). To meet this burden, the Commissioner must present "sufficient evidence indicating that it is appropriate to impose the relevant penalty" or addition to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). In instances where an exception to the penalty or addition to tax is afforded upon a showing of substantial authority, reasonable cause, or similar provisions, the taxpayer bears the burden of raising and prevailing on these issues. Id. at 446-447.

Section 6651(a)(1) imposes a 5-percent addition to tax for each month or portion thereof a required return is filed after the prescribed due date, not to exceed 25 percent in the

aggregate, unless such failure to file timely is due to reasonable cause and not due to willful neglect. Although not defined in the Code, "reasonable cause" is described by the applicable regulations as the exercise of "ordinary business care and prudence". Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see also United States v. Boyle, 469 U.S. 241, 246 (1985). "[W]illful neglect" is interpreted as a "conscious, intentional failure or reckless indifference." United States v. Boyle, supra at 245. Respondent has met the burden of production as petitioner admitted he never filed a Federal income tax return for 2002. Petitioner did not present any evidence to suggest that his failure to file was due to reasonable cause. Therefore, the Court sustains respondent's determination of the addition to tax pursuant to section 6651(a)(1).

Section 6654(a) imposes an addition to tax for failure to pay estimated income tax where there has been underpayment of estimated tax by the taxpayer.[4] Petitioner did not remit any payment as he did not file a Federal income tax return. The record reflects that no taxes were withheld, as petitioner was self-employed, and that no payments of estimated tax were made. Any burden of production on the part of respondent is satisfied.

---

[4]The Court takes judicial notice of Leggett v. Commissioner, T.C. Memo. 2005-185, which together with the holding in this case establishes that estimated tax was due. See sec. 6654(d)(1)(B) and the flush language where, as here, no return was filed for the previous tax year 2001.

The Court also concludes that petitioner does not fit within any of the exceptions enumerated in section 6654(e).[5]  Therefore, the Court sustains respondent's determination of the addition to tax pursuant to section 6654(a).

## III. Section 6673 Penalty

Section 6673(a)(1) authorizes the Tax Court to impose a penalty not in excess of $25,000 on a taxpayer for proceedings instituted primarily for delay or in which the taxpayer's position is frivolous or groundless.  "A petition to the Tax Court, or a tax return, is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

Respondent, on brief, has asked the Court to impose a penalty under section 6673(a)(1).  In petitioner's 2005 trial, petitioner was ordered to pay $5,000 to respondent for asserting meritless and frivolous arguments.  Leggett v. Commissioner,

---

[5]Sec. 6654(e) provides two mechanical exceptions to the addition to tax.  First, the addition is not applicable if the tax shown on the taxpayer's return for the year in question (or, if no return is filed, the taxpayer's tax for that year), reduced for these purposes by any allowable credit for wage withholding, is less than $1,000.  Sec. 6654(e)(1).  Second, the addition is not applicable if the taxpayer's tax for the full 12-month preceding taxable year was zero and the taxpayer was a citizen or resident of the United States.  Sec. 6654(e)(2).  The Court has concluded that petitioner is liable for a deficiency for 2002 that net of withholding exceeds $1,000.  Petitioner's tax liability for 2001 was greater than zero.  See Leggett v. Commissioner, supra.

supra.  Petitioner asserted similar arguments in the instant case despite repeated warnings by the Court that his arguments were meritless and frivolous.  Therefore, the Court concludes that a penalty of $6,000 should be imposed on petitioner.

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

An appropriate decision will be entered.