T.C. Memo. 2006-277

UNITED STATES TAX COURT

WILLIAM M. LEGGETT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15167-04L.            Filed December 28, 2006.

P filed a petition for judicial review pursuant to
sec. 6330, I.R.C., in response to a determination by R
that levy action is appropriate.

<u>Held</u>:  R's determination to proceed with
collection by levy is sustained;

<u>Held</u>, <u>further</u>, a penalty pursuant to sec. 6673,
I.R.C., is due from P and awarded to the United States
in the amount of $2,500.

William M. Leggett, pro se.

<u>Monica J. Miller</u>, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition for judicial review of a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  The issues for decision are:  (1) Whether respondent may proceed with collection by levy of petitioner's tax liabilities for the 1994, 1995, and 1996 taxable years; and (2) whether the Court should impose a penalty pursuant to section 6673(a).[1]

### FINDINGS OF FACT

At the time the petition was filed, petitioner resided in Sorrento, Florida.

Petitioner failed to file Federal income tax returns for his 1994, 1995, and 1996 taxable years.  On July 26, 2000, respondent mailed to petitioner a notice of deficiency for those taxable years.  Petitioner timely petitioned this Court, and a trial was held on October 15, 2001 (2001 trial).  At trial, petitioner argued that the exchange of his personal physical services for Federal Reserve Notes did not constitute taxable income.  The Court issued an Oral Findings of Fact and Opinion which sustained the deficiencies and additions to tax determined by respondent and admonished petitioner for failing to file his returns and raising frivolous tax-protester arguments.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) of 1986, as amended.

Thereafter, on March 1, 2004, respondent issued to petitioner a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to the years in issue. In response, petitioner timely submitted to respondent a Form 12153, Request for Collection Due Process Hearing, which stated that his disagreement with the levy was as follows: "ASSESSMENT INVALID". The Appeals Office settlement officer assigned to petitioner's case, J. Feist (Mr. Feist), wrote to petitioner on June 15, 2004, to notify him of his assignment, conference procedural practices, and the scheduled hearing date of July 2, 2004. Petitioner subsequently sent to Mr. Feist a letter dated June 27, 2004, that requested the hearing date be rescheduled for the middle of July and provided notice of his intention to audio record the hearing.

The hearing was conducted via telephone on July 12, 2004. Shortly after the hearing began, petitioner informed Mr. Feist that he was recording the hearing. Mr. Feist explained to petitioner that only face-to-face hearings may be recorded. He also advised that petitioner did not qualify for a face-to-face hearing as petitioner had only raised frivolous arguments. Mr. Feist ended the hearing when petitioner refused to cease recording and failed to raise any nonfrivolous relevant issues.

Respondent then issued to petitioner the above-mentioned Notice of Determination Concerning Collection Action(s) Under

Section 6320 and/or 6330 for the years in issue on July 15, 2004. The attachment to the notice stated that the levy was "appropriate and reasonable under the circumstances thereby balancing the need for efficient collection of the taxes while not being any more intrusive than necessary."  It also indicated that petitioner's unpaid tax liabilities for 1994, 1995, and 1996, were $77,311.19, $16,470.89, and $23,277.75, respectively, as calculated through July 15, 2004.

Petitioner timely petitioned this Court for review of the collection action.  Petitioner argued in the petition that "the IRS violated petitioner's right to procedural due process by refusing allow [sic] him to make an administrative record by recording the telephone conference on July 12, 2004."  Petitioner also contended that "the IRS failed to comply with the provisions of 26 U.S.C. Section 6321/31", that "the assessments for the tax period [sic] 1994, 1995, and 1996 are invalid", and that "the IRS lost its administrative collection powers by failing to comply with the notice requirements of 26 U.S.C. Section 6303."

In addition, petitioner filed a posttrial brief which stated he did "not and has not engaged in an activity that produces 'TAXABLE INCOME', but only an exchange of intellectual and physical property for an agreed upon perceived value in the only medium of exchange of the day i.e. FRN's [Federal Reserve Notes]".  Petitioner's brief also stated that petitioner is "a

'native born American national', not to be mistaken as a 'U.S. CITIZEN'".

OPINION

## I.   Collection Action

### A. General Rules

Pursuant to section 6331(a), if a taxpayer liable to pay taxes fails to do so within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon the taxpayer's property.  The Secretary is obliged to provide the taxpayer with 30 days' advance notice of levy collection and of the administrative appeals available to the taxpayer.  Sec. 6331(d).  Upon a timely request a taxpayer is entitled to a collection hearing before the IRS Office of Appeals.  Sec. 6330(b)(1).

At the collection hearing, the taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy, including" appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives.  Sec. 6330(c)(2)(A).  The taxpayer may not contest the validity of the underlying tax liability unless the taxpayer did not receive a notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.  Sec. 6330(c)(2)(B).  In rendering a determination, the Appeals officer must take into consideration verification

that "requirements of any applicable law or administrative procedure have been met", relevant issues relating to the unpaid tax or proposed levy, and "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."  Sec. 6330(c)(3).

The taxpayer is entitled to appeal the determination of the Appeals Office made on or before October 16, 2006, to the Tax Court or a U.S. District Court, depending on the type of tax at issue.  Sec. 6330(d).[2]  Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  The Court reviews any other administrative determination regarding the proposed levy action for an abuse of discretion.  Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182.

B. Appeals Hearing

Petitioner alleges that his right to procedural due process was violated because Mr. Feist did not allow him to record his telephonic hearing.  Section 7521(a)(1) provides that

> Any officer or employee of the Internal Revenue Service
> in connection with any in-person interview with any
> taxpayer relating to the determination or collection of

---

[2]Determinations made after Oct. 16, 2006, are appealable only to the Tax Court.  See Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019.

any tax shall, upon advance request of such taxpayer, allow the taxpayer to make an audio recording of such interview at the taxpayer's own expense and with the taxpayer's own equipment.

This Court has held that section 7521 applies to section 6330 face-to-face hearings and a taxpayer providing the IRS with advance notice is allowed to record his face-to-face hearing. Keene v. Commissioner, 121 T.C. 8, 19 (2003). Notably, this Court has held that section 7521 is not applicable to telephonic hearings and a taxpayer is not entitled to record his telephonic hearing. Calafati v. Commissioner, 127 T.C. ___ (2006).

Absent a situation controlled by section 7521, as in the instant case, regulations promulgated under section 6330 provide that "A transcript or recording of any face-to-face meeting or conversation between an Appeals officer or employee and the taxpayer or the taxpayer's representative is not required." Sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. "[T]he applicable statutes and regulations do not confer any right to record a telephone conference conducted as part of a collection due process hearing." Little v. United States, 97 AFTR 2d 2006-1466 (M.D.N.C. 2005), affd. 178 Fed. Appx. 230 (4th Cir. 2006).

This Court does not remand cases to the Commissioner's Appeals Office merely on account of the lack of a recording when to do so is not necessary and would not be productive. Lunsford v. Commissioner, 117 T.C. 183, 189 (2001); Frey v. Commissioner, T.C. Memo. 2004-87. "A principal scenario falling short of the

necessary or productive standard exists where the taxpayers rely on frivolous or groundless arguments consistently rejected by this and other courts." Carrillo v. Commissioner, T.C. Memo. 2005-290; see also Lunsford v. Commissioner, supra; Frey v. Commissioner, supra; Durrenberger v. Commissioner, T.C. Memo. 2004-44; Brashear v. Commissioner, T.C. Memo. 2003-196; Kemper v. Commissioner, T.C. Memo. 2003-195. The Court does not find it necessary or productive to remand petitioner's case for a second hearing as petitioner did not raise any relevant issues relating to his unpaid tax liabilities at his Appeals Office conference or at trial. Petitioner has instead espoused only frivolous and groundless arguments that the Court specifically rejected in petitioner's 2001 trial and again in a 2005 trial regarding a deficiency and additions to tax for petitioner's 2001 taxable year. See Leggett v. Commissioner, T.C. Memo. 2005-185.

C. Abuse of Discretion

The existence or amounts of petitioner's underlying tax liabilities are not properly at issue because petitioner received a notice of deficiency for the years in issue and had the opportunity to dispute such liabilities at his 2001 trial. Accordingly, the Court will review the administrative record of the levy for an abuse of discretion. An abuse of discretion has occurred if the "Commissioner exercised * * * [his] discretion

arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioner frivolously alleges without any evidentiary support that respondent did not comply with the notice requirements of section 6303. Section 6303(a) provides that "the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof." If the notice is mailed, it shall be sent to the taxpayer's last known address. Sec. 6303(a). A notice of balance due constitutes a notice and demand for payment for purposes of section 6303(a). Craig v. Commissioner, 119 T.C. 252, 262-263 (2002). The record reflects that respondent sent petitioner a notice of balance due for the years in issue on May 12, 2003.

Petitioner alleges broadly that respondent did not comply with sections 6321 and/or 6331. Section 6321 is not relevant to petitioner's case as it pertains to liens. Section 6331 governs levy actions and thus is applicable. The record reflects that respondent complied with section 6331 as respondent provided petitioner with the requisite notice, a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing, on March 1, 2004, which petitioner apparently received, as he requested a collection hearing.

Petitioner also contends that respondent's assessments are invalid. Petitioner did not show, or even allege, that there was any irregularity in the assessment procedure that would raise a question about the validity of the assessments. Respondent noted verification in the notice of determination that all requirements of applicable law and administrative procedure had been met and that respondent had properly balanced the need for efficient collection against any legitimate concerns of intrusiveness raised by petitioner. Petitioner has not presented any evidence or persuasive arguments that respondent erred or abused his discretion but instead has raised frivolous and groundless arguments. Hence, the Court concludes that respondent's determination to proceed with collection of petitioner's tax liabilities was not in error or an abuse of discretion, and respondent may proceed with the proposed collection.

## II. Section 6673 Penalty

Section 6673(a)(1) authorizes the Tax Court to impose a penalty not in excess of $25,000 on a taxpayer for proceedings instituted primarily for delay or in which the taxpayer's position is frivolous or groundless. "A petition to the Tax Court, or a tax return, is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

Respondent, on brief, asserts that the Court should impose a penalty pursuant to section 6673(a)(1).  Petitioner is no stranger to the Court or to the section 6673 penalty.  Petitioner raised frivolous arguments in his first trial which involved the taxable years in issue here of 1994, 1995, and 1996.  Petitioner made similar arguments in a 2005 trial, regarding a deficiency and additions to tax for his 2001 taxable year, and was ordered to pay $5,000 to respondent for again asserting frivolous arguments.  Leggett v. Commissioner, supra.  Despite repeated warnings by the Court in petitioner's two previous trials and the imposition of a section 6673 penalty, petitioner repeated the same frivolous arguments in this current case although he did not dwell on them at trial.  The Court is convinced that petitioner's positions are frivolous and made at least in part for delay.  Therefore, the Court concludes that a penalty of $2,500 should be imposed on petitioner.

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

An appropriate decision
will be entered.