T.C. Memo. 2008-125

UNITED STATES TAX COURT

PATRICK J. MCGOWAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7309-04L.                    Filed May 1, 2008.

    P filed a petition for judicial review pursuant to
sec. 6330, I.R.C., in response to a determination by R
that levy action is appropriate.

    <u>Held</u>:  R's determination to proceed with
collection by levy is sustained.


Patrick J. McGowan, pro se.

<u>Michael A. Pesavento</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition for judicial review of a Notice of Determination Concerning Collection Action Under Section 6330.[1]  The issues for decision are:

(1) Whether collection action for taxable years 1990, 1991, and 1992 was suspended pursuant to section 6330(e)(1);

(2) whether respondent may proceed with collection by levy of petitioner's tax liabilities for the 1990, 1991, and 1992 taxable years; and

(3) whether to grant respondent's motion to impose a penalty under section 6673.

FINDINGS OF FACT

Some of the facts have been stipulated by the parties.  The stipulations, with accompanying exhibits, are incorporated herein by this reference.  At the time the petition was filed petitioner resided in Jacksonville, Florida.

Petitioner has a 15-year history of not filing Federal income tax returns and did not file returns for the years in issue.  See McGowan v. Commissioner, T.C. Memo. 2006-154.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued a notice of deficiency[2] on April 26, 1995, that reflected deficiencies in income tax and additions to tax for the taxable years and in the amounts as follows:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) |
|------|-----------|-------------------------------|
| 1990 | $1,767 | $379.50 |
| 1991 | 1,616 | 242.25 |
| 1992 | 1,999 | 413.25 |

On December 21, 2001, respondent mailed to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing with regard to petitioner's unpaid taxes for taxable years 1990, 1991, and 1992.  This notice was returned to respondent as undeliverable.  On April 11, 2002, petitioner submitted to respondent Form 12153, Request for a Collection Due Process Hearing.  Respondent conducted an "equivalent hearing" for petitioner on December 3, 2002, and issued to petitioner a Decision Letter Concerning Equivalent Hearing Under Section 6330 on December 13, 2002, that sustained the levy action.

Although the decision letter informed petitioner that he could not appeal respondent's decision in court, petitioner filed a petition with this Court on January 13, 2003.  In response, respondent filed a motion to dismiss the petition for lack of

---

[2]The notice of deficiency was sent by certified mail to petitioner's last known address.  However, respondent's brief concedes that petitioner did not "receive" the notice of deficiency pursuant to sec. 6330(c)(2)(B).

jurisdiction.  A hearing on respondent's motion was held.  On July 16, 2003, this Court dismissed petitioner's case, docket No. 665-03L, for lack of jurisdiction on the ground that the Final Notice of Intent To Levy and Notice of Your Right to a Hearing for the years in dispute was invalid because respondent failed to mail the notice to petitioner at his last known address as required by section 6330(a).

On August 4, 2003, respondent issued to petitioner a second Final Notice of Intent to Levy and Notice of Your Right to a Hearing for petitioner's unpaid taxes for taxable years 1990, 1991, and 1992.  Petitioner requested an Appeals hearing by submitting a timely Form 12153, which was mailed August 28, 2003, and received by respondent on September 2, 2003.  Petitioner's Form 12153 stated his disagreement with the levy as follows:

> I want a face-to-face collection due process hearing.
> In order to furnish a complete administrative record
> for any reviewing court, I intend to record my
> collection due process hearing as provided by IRC
> section 7521(a) and Notice 89-51, this is the IRS
> Office of Appeals 10 day notice of my intent to record.
> See Keene v. Commissioner[.]

On January 22, 2004, respondent's Jacksonville, Florida, Appeals Office mailed to petitioner a letter informing petitioner that because his Form 12153 was not timely, he was not entitled to a section 6330 hearing but would receive an equivalent hearing instead.  The letter mistakenly stated that the Final Notice of Intent to Levy and Notice of Your Right to a Hearing was issued

on December 21, 2001.  An invalid levy notice was mailed to petitioner on that date; however, a new levy notice was mailed to petitioner on August 4, 2003, and petitioner's Form 12153 was timely submitted.  Attached to the letter were Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters.

On February 12, 2004, Davida Parker (Ms. Parker), the Appeals Officer assigned to petitioner's case, mailed a letter to petitioner that scheduled a telephone hearing for February 26, 2004, at 9:30 a.m.[3]  Ms. Parker called petitioner at the scheduled date and time but petitioner was unavailable.  On February 26, 2004, Ms. Parker mailed to petitioner a letter informing him that she would allow him 2 weeks to submit relevant information regarding:

1. challenges to the appropriateness of collection actions;

2. offers of collection alternatives; and

3. challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

---

[3]The letter referred to the scheduled telephone hearing as a sec. 6330 hearing.  The letter did not contain any reference to an equivalent hearing.  In response, on Feb. 24, 2004, petitioner mailed to Ms. Parker a letter requesting clarification on whether he would receive an administrative hearing or an equivalent hearing, and whether he would have the right to judicial review of the determination.

On March 25, 2004, respondent issued to petitioner a Notice of Determination Concerning Collection Action Under Section 6330 sustaining the levy action. Petitioner filed a timely petition with this Court. Thereafter, respondent filed a motion to remand this case to respondent's Appeals Office for an Appeals hearing, which this Court granted on January 17, 2006. A face-to-face Appeals hearing with Ms. Parker was held on March 20, 2006. During the hearing petitioner raised only frivolous tax-protester arguments. Petitioner was provided with additional copies of Forms 4340.

Respondent mailed to petitioner a Supplemental Notice of Determination Concerning Collection Action Under Section 6330 on March 23, 2006, which stated in pertinent part:

> The Settlement Officer gave you a second copy of Form 4340, Certificate of Assessments, Payments and Other Specified Matters and explained that we had requested, on numerous occasions, a list of relevant issues and collection alternatives. The Settlement Officer advised you to make your requests for documents, those you had not already received from Area Counsel's office, through the Freedom of Information Act.[4]
>
> The Settlement Office did not agree to provide the documents you demanded or debate the validity of the assessment, the Service's authority to prepare returns for individuals who fail to voluntarily file income tax returns, and other issues not relevant to you resolving

---

[4]Petitioner repeatedly requested at his face-to-face Appeals hearing verification from the Secretary that all applicable laws or administrative procedures had been met, and Ms. Parker's "enforcement pocket commission" (i.e. her authority to enforce collection action).

your tax liability.[5]  She advised you during the hearing that the Notice of Intent to Levy would be sustained and enforcement action approved.

* * * * * * *

To the best of our knowledge, with the information available to us, we have determined that all applicable laws, policies, regulations and procedures have been followed by the Collection office[.]

A trial was held on February 5, 2007, in Jacksonville, Florida. At trial petitioner raised frivolous tax-protester arguments and pleaded the Fifth Amendment in response to many questions asked by respondent's counsel during cross-examination.[6]

---

[5]Petitioner demanded to see Forms 1040 signed by him for the years in issue (which did not exist), instead of substitutes for return that the Commissioner prepared, and frivolously argued that the Commissioner could not assess taxes without a Form 1040 signed by a taxpayer.

[6]Respondent's counsel objected to petitioner's pleading the Fifth Amendment in response to questions asked on cross-examination regarding his employment and unreported income in 1990, 1991, 1992, and 1997.  Respondent indicated at trial that an "information item" had been submitted to the Criminal Investigation Division (CID), but the CID had "not opened a case. If they were to open up a case on Mr. McGowan, they would do so for recent years, perhaps the last six years, somewhere in there, but in no way, shape or form could Mr. McGowan be prosecuted for 1990, '91, or '92.  The statute of limitations on criminal matters generally is about six years."  The Court overruled respondent's objection for taxable year 1997.  The Court reserved judgment on respondent's objection as to taxable years 1990, 1991, and 1992, after respondent asked the Court to strike all of petitioner's direct testimony for those taxable years because petitioner "cannot testify on direct and then use the Fifth Amendment as a shield to protect himself from cross-examination."

The Fifth Amendment "protects against real dangers, not remote and speculative possibilities."  Zicarelli v. N.J. State Commn. of Investigation, 406 U.S. 472, 478 (1972).  Furthermore,
(continued...)

OPINION

## I.  Collection Action

### A. General Rules

Pursuant to section 6331(a), if a taxpayer liable to pay

taxes fails to do so within 10 days after notice and demand for

---

[6](...continued)
"In a civil tax case, the taxpayer must accept the consequences of asserting the Fifth Amendment and cannot avoid the burden of proof by claiming the privilege and attempting to convert 'the shield * * * which it was intended to be into a sword'." Lee v. Commissioner, T.C. Memo. 2002-95 (quoting United States v. Rylander, 460 U.S. 752, 758 (1983)), affd. 61 Fed. Appx. 471 (9th Cir. 2003); see also Stang v. Commissioner, T.C. Memo. 2005-154, affd. 202 Fed. Appx. 163 (9th Cir. 2006).

After the Court reserved judgment on respondent's objection and oral motion, petitioner did offer answers to respondent's questions, albeit answers consisting of "I don't know" or outright denials, which the Court did not find to be credible. For example, when asked "Can you remember any employer that you worked for during anytime during 1990, '91 or 1992, any of those three years", petitioner responded "No.  I do not recall."  When then asked "Do you remember working during those years", petitioner responded "I'm sure I must have", but then denied working for every employer that was mentioned.

Petitioner's direct testimony was limited to complaints about his Appeals hearing and the "illegal" application of his 1999 refund to his 1991 tax liability.  See infra note 12. Petitioner also made frivolous and meritless arguments regarding the Secretary's delegated authority under sec. 7701 and the Commissioner's authority to assess taxes without a signed Form 1040 by the taxpayer.  The Court shall not address petitioner's arguments "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

As petitioner did not offer any relevant or credible testimony on direct or cross-examination for the Court to consider, the Court will overrule respondent's objection, and deny respondent's oral motion to strike, as moot.

payment, the Secretary is authorized to collect such tax by levy upon the taxpayer's property. Absent jeopardy, the Secretary is obliged to provide the taxpayer with 30 days' advance notice of levy collection and of the administrative appeals available to the taxpayer. Sec. 6331(d). Upon a timely request a taxpayer is entitled to a collection hearing before the IRS Office of Appeals. Sec. 6330(b)(1).

At the collection hearing the taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy, including" appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives. Sec. 6330(c)(2)(A). The taxpayer may not contest the validity of the underlying tax liability unless the taxpayer did not receive a notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability. Sec. 6330(c)(2)(B).

In rendering a determination the Appeals officer must take into consideration verification that "requirements of any applicable law or administrative procedure have been met" and relevant issues relating to the unpaid tax or proposed levy. Relevant issues include "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3).

The taxpayer is entitled to appeal the determination of the Appeals Office if made on or before October 16, 2006, to the Tax Court or a U.S. District Court, depending on the type of tax at issue. Sec. 6330(d).[7] Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). The Court reviews any other administrative determination regarding the proposed levy action for an abuse of discretion. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182.

Respondent has conceded that the existence or amounts of petitioner's underlying tax liabilities are properly at issue.[8] If the Court finds that petitioner is liable for the deficiencies and additions to tax, then respondent's administrative determination sustaining the levy action will be reviewed for an abuse of discretion. See Downing v. Commissioner, 118 T.C. 22, 31 (2002); Goodwin v. Commissioner, T.C. Memo. 2003-289.

---

[7]Determinations made after Oct. 16, 2006, are appealable only to the Tax Court. See Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019.

[8]At trial respondent's counsel stated: "The standard of review to be used by the Court in addressing the deficiencies is de novo. That means Respondent is not arguing in this proceeding that Petitioner received a deficiency notice."

B. <u>Section 6330(e)</u>

Petitioner argued on brief that this Court is without jurisdiction because "respondent * * * issued an invalid and improper 'final notice of intent to levy and your right to a hearing' * * * within 90 days of Judge Armen's dismissal of [the earlier Tax Court case at docket no.] 665-03L". (Emphasis omitted.) Section 6330(e) provides:

> SEC. 6330(e) Suspension of Collections and Statute of Limitations.--
>
> (1) In general.--Except as provided in paragraph (2), <u>if a hearing is requested under subsection (a)(3)(B), the levy actions which are the subject of the requested hearing and the running of any period of limitations under section 6502 (relating to collection after assessment)</u>, section 6531 (relating to criminal prosecutions), or section 6532 (relating to other suits) <u>shall be suspended</u> for the period during which  such hearing, and appeals therein, are pending.  <u>In no event shall any such period expire before the 90th day after the day on which there is a final determination in such hearing</u>.  Notwithstanding the provisions of section 7421(a), the beginning of a levy or proceeding during the time the suspension under this paragraph is in force may be enjoined by a proceeding in the proper court, including the Tax Court.  The Tax Court shall have no jurisdiction under this paragraph to enjoin any action or proceeding unless a timely appeal has been filed under subsection (d)(1) and then only in respect of the unpaid tax or proposed levy to which the determination being appealed relates. [Emphasis added.]

If a taxpayer does not request an Appeals hearing within 30 days of the mailing of the notice of determination, then the period of limitations for section 6502 and collection action are

not suspended.[9]  See sec. 6330(a)(2) and (3)(B).  Petitioner did not file a timely request for an Appeals hearing in response to the original December 21, 2001, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, which was the subject of the earlier case at docket no. 665-03L.  See supra p. 3.  As noted above, his failure to make a timely request was likely attributable to the fact that respondent failed to mail the notice to petitioner at his last known address.  Because section 6330(e)(1) suspends levy actions and the running of the limitations period for collection after assessment only if a taxpayer files a timely request for an Appeals hearing, levy actions and the running of the limitations period for collection for petitioner's 1990, 1991, and 1992 taxable years were not suspended by petitioner's untimely request for an Appeals hearing, which was made nearly 4 months after the mailing of the invalid December 21, 2001, notice.[10]  Therefore, under the facts

_____

[9]Sec. 301.6330-1(g)(2), Q&A-G2, Proced. & Admin. Regs. further provides that the period of limitation for sec. 6502 is not suspended if the taxpayer does not request, or fails to timely request, an Appeals hearing.  Although this provision of the regulation does not mention collection action, sec. 6330(e)(1) clearly specifies that the suspension of the statute of limitations and the moratorium on collection action shall be simultaneous.

[10]Because respondent did not attempt to collect while the matter was pending before the Court for a determination as to whether the Dec. 21, 2001, notice was mailed to petitioner's last known address, we need not address whether any other provision or legal principle would have restricted collection during that

(continued...)

of this case, section 6330(e)(1) did not bar respondent from issuing to petitioner a second Final Notice of Intent to Levy and Notice of Your Right to a Hearing on August 4, 2003.[11]

As a practical matter, petitioner was not aggrieved in any manner by respondent's issuance of the Final Notice of Intent to Levy and Notice of Your Right to a Hearing less than 90 days after the Court's July 16, 2003, decision. Once the Court determined that respondent had mailed the first notice to the wrong address, respondent moved quickly to correct that mistake by issuing petitioner a new notice to which petitioner responded by requesting an Appeals hearing. Petitioner--who has a long history of failing to file Federal income tax returns and of raising tax-protester arguments--was not wronged. In fact, he received the new notice and the concomitant right to request and

---

[10](...continued)
time.

[11]This outcome is consistent with cases in which there is a defective notice of deficiency. An invalid notice of deficiency does not suspend the running of the statute of limitations for assessment. See Welch v. Schweitzer, 106 F.2d 885, 888 (9th Cir. 1939); Reddock v. Commissioner, 72 T.C. 21, 26 (1979); Rodgers v. Commissioner, 57 T.C. 711, 713 (1972). In Reddock, the Commissioner mailed an incorrectly addressed notice of deficiency to the taxpayers that was returned as undelivered; the Commissioner remailed the notice of deficiency to the taxpayers' last known address after the expiration of the period of limitations. Upon receipt of the second notice, the taxpayers petitioned this Court. Their petition was filed within 90 days of the mailing of the initial notice of deficiency. The Court held that the incorrectly addressed notice of deficiency did not suspend the running of the period of limitations despite the fact that the petition was filed within 90 days of its mailing.

receive an Appeals hearing sooner than he would have had section 6330(e)(1) applied.

C. <u>De Novo Review of Underlying Tax Liabilities</u>

1. <u>Deficiencies</u>

In general, the Commissioner's determination of a deficiency in the notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that such determination was in error. See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). In unreported income cases, the Commissioner must come forward with evidence establishing a minimal foundation, which may consist of evidence linking the taxpayer to an income-producing activity. <u>Weimerskirch v. Commissioner</u>, 596 F.2d 358, 360-361 (9th Cir. 1979), revg. 67 T.C. 672 (1977); <u>Petzoldt v. Commissioner</u>, 92 T.C. 661, 689 (1989). If the Commissioner introduces some evidence that the taxpayer received unreported income, then the burden shifts to the taxpayer to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous. <u>Hardy v. Commissioner</u>, 181 F.3d 1002, 1004 (9th Cir. 1999), affg. T.C. Memo. 1997-97.

Respondent presented documentary evidence that indicated petitioner received the following unreported income, totaling $13,438, in taxable year 1990: (1) $5,320 in wages from Disc Production Services; (2) $1,980 in wages from Disc Talent Group Inc.; (3) $1,950 in nonemployee compensation from International

TV & Motion Picture; (4) $1,803 in wages from Pacific Bell; (5) $1,250 in nonemployee compensation from NBC Productions Inc.; (6) $1,000 in nonemployee compensation from West & Co. Marketing & Advertising; (7) $100 in rental income from NBC Productions Inc.; and (8) $35 in interest from Great Western Bank.

Respondent presented similar evidence that petitioner received the following unreported income, totaling $16,326, in taxable year 1991:  (1) $7,279 in wages from Bank of America NT&SA; (2) $2,961 in wages from Susan Pages of California; (3) $2,800 in wages from Columbia Pictures Industries; (4) $2,778 in wages from Pacific Bell; (5) $364 in wages from Security Pacific National Bank; (6) $99 in wages from Orange National Bank; (7) $31 in interest from Great Western Bank; and (8) $14 in wages from Americana Portraits, Inc.

Respondent also presented evidence that petitioner received the following unreported income, totaling $19,225, in taxable year 1992:  (1) $12,977 in wages from Susan Pages of California; and (2) $6,248 in wages from Bank of America NT&SA.

The Court concludes, on the documentary evidence presented by respondent, that respondent has established a minimal foundation.  See Weimerskirch v. Commissioner, supra at 361. Accordingly, the burden shifts to petitioner.  See Hardy v. Commissioner, supra at 1004.  Petitioner did not present any evidence, or raise any relevant arguments, regarding his

underlying tax liabilities for 1990, 1991, and 1992, other than his uncorroborated testimony.[12] He denied, or could not remember, being employed by the specific employers listed above, but we have found his testimony to be spurious and not credible. Accordingly, the Court sustains respondent's determination of petitioner's 1990, 1991, and 1992 income tax deficiencies.

2. Section 6651(a)(1) Addition to Tax

The Commissioner bears the burden of production in any court proceeding with respect to an individual's liability for penalties or additions to tax. Sec. 7491(c). To meet this burden, the Commissioner must present "sufficient evidence indicating that it is appropriate to impose the relevant penalty" or addition to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). In instances where an exception to the penalty or addition to tax is afforded upon a showing of substantial authority, reasonable cause, or similar provisions, the taxpayer

---

[12]Petitioner's only argument relating to his underlying tax liabilities, although irrelevant for the years at issue, is that he never received an overpayment refund for taxable year 1999 because it was "illegally" applied to his outstanding income tax liability for taxable year 1991. On Apr. 28, 2003, petitioner filed his 1999 Federal income tax return. On the basis of that return, respondent assessed a tax of $5,989. On Sept. 15, 2003, respondent abated the entire assessed amount, which generated an overpayment refund of $2,084.61. Respondent applied the overpayment refund to petitioner's outstanding 1991 tax liability. Pursuant to sec. 6402(a), the Commissioner may set off any existing tax liability against any tax refunds due the taxpayer. In other words, sec. 6402(a) provides that a taxpayer is entitled to a tax refund only of the amount which exceeds any outstanding tax liabilities.

bears the burden of raising and prevailing on these issues. Id. at 446-447.

Section 6651(a)(1) imposes a 5-percent addition to tax for each month or portion thereof a required return is filed after the prescribed due date, not to exceed 25 percent in the aggregate, unless such failure to file timely is due to reasonable cause and not due to willful neglect. Although not defined in the Code, "reasonable cause" is described by the regulations as the exercise of "ordinary business care and prudence". Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see also United States v. Boyle, 469 U.S. 241, 246 (1985). "[W]illful neglect" is interpreted as a "conscious, intentional failure or reckless indifference." United States v. Boyle, supra at 245.

Respondent has met the burden of production as respondent has shown that petitioner did not file Federal income tax returns for taxable years 1990, 1991, and 1992. Petitioner did not present any evidence to suggest that his failure to file was due to reasonable cause. Therefore, the Court sustains respondent's determination of the addition to tax pursuant to section 6651(a)(1) for taxable years 1990, 1991, and 1992.

D. Review for Abuse of Discretion

Because petitioner is liable for the deficiencies and additions to tax for taxable years 1990, 1991, and 1992, the

Court will review respondent's administrative determination sustaining the levy action for an abuse of discretion. Petitioner has offered no evidence indicating that respondent abused his discretion in sustaining the levy action.  Other than his section 6330(e)(1) argument, petitioner has offered only frivolous and meritless tax-protester arguments regarding respondent's determination to proceed with levy action.  See supra notes 4, 5, and 6.

In the supplemental notice of determination respondent determined that "To the best of our knowledge, with the information available to us, we have determined that all applicable laws, policies, regulations and procedures have been followed by the Collection office."  The supplemental notice of determination further states:  "The Appeals Office believes that collection by levy balances the need for the efficient collection of taxes with your concerns as to the intrusiveness of the action.  * * *  You offered no arguments that the proposed collection action is more intrusive than necessary, nor have you offered any collection alternatives."  The Court concludes that respondent's determination to proceed with collection by levy of petitioner's 1990, 1991, and 1992 tax liabilities was not an abuse of discretion and respondent may proceed with collection.

II.  Section 6673 Penalty

Section 6673(a)(1) authorizes the Tax Court to impose a penalty not in excess of $25,000 on a taxpayer for proceedings instituted primarily for delay or in which the taxpayer's position is frivolous or groundless.  "A petition to the Tax Court, or a tax return, is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

Respondent, on motion, has asked the Court to impose a penalty under section 6673(a)(1).  Petitioner is no stranger to the section 6673 penalty as he was ordered to pay $5,000 to respondent for asserting frivolous and meritless arguments in a previous trial.  See McGowan v. Commissioner, T.C. Memo. 2006-154.  In the instant case, although petitioner made frivolous and meritless arguments, he did raise a substantive issue under section 6330(e) that the Court addressed.  Therefore, the Court concludes, after considering the numerous procedural problems in this case, that it is not appropriate to impose a penalty. However, the Court explicitly admonishes petitioner that he may, in the future, be subject to a penalty under section 6673 for any proceedings instituted or maintained primarily for delay or for any proceedings which are frivolous or groundless.

The Court has considered all of petitioner's and respondent's contentions, arguments, requests, and statements. To the extent not discussed herein, the Court concludes that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.