T.C. Memo. 2008-153

UNITED STATES TAX COURT

KATHLEEN M. WOLCOTT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16103-07L.                    Filed June 12, 2008.

Kathleen M. Wolcott, pro se.

Beth A. Nunnink, for respondent.

MEMORANDUM OPINION

GOEKE, Judge:  The instant matter is before the Court on
respondent's motion for summary judgment and to impose a penalty
under section 6673.  The issue for decision is whether
respondent's Appeals Office abused its discretion in determining

to proceed with the collection action with respect to petitioner's unpaid income tax liabilities for the taxable years 1999, 2000, and 2001. In addition respondent requests that the Court impose a penalty in an appropriate amount, pursuant to section 6673, on the ground that petitioner instituted these proceedings primarily for delay and that petitioner's position is frivolous and groundless. As explained herein, we will grant respondent's motion.

Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

At the time of filing the petition, petitioner resided in Tennessee.

### Petitioner's Previous Tax Court Case

Petitioner failed to file income tax returns for the 1999, 2000, and 2001 tax years (the years at issue) and for the tax year 2002. Respondent mailed petitioner notices of deficiency for the tax years 1999, 2000, 2001, and 2002, but the notices of deficiency for 1999, 2000, and 2001 were returned undelivered. Petitioner did not allege that the notices of deficiency were not mailed to her last known address. Petitioner did not file a petition challenging the deficiencies, and on July 19, 2004, respondent assessed the deficiencies along with additions to tax

and interest.  However, the record demonstrates that petitioner received the notice of deficiency for 2002 but failed to file a petition for redetermination challenging the notice.

On January 11, 2006, respondent's Appeals Office issued to petitioner:  (1) A Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 concerning a proposed levy with respect to petitioner's 1999, 2000, and 2001 tax years (decision letter); (2) a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 as to a notice of Federal tax lien for the 1999, 2000, and 2001 tax years; and (3) a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 concerning a lien and proposed levy with respect to petitioner's 2002 tax year.

On February 14, 2006, petitioner timely filed a petition, Wolcott v. Commissioner, docket No. 3258-06L, challenging those notices.  However, the petition contained nothing but frivolous and groundless arguments.

On March 24, 2006, respondent filed a motion to dismiss for failure to state a claim upon which relief can be granted and to impose a penalty under section 6673.  Petitioner filed an objection thereto.  Respondent's motion was heard, and during the hearing the question arose whether the Court had jurisdiction over the decision letter.  The Court directed respondent to file a report addressing the Court's jurisdiction with regard to the

decision letter and specifically whether the final notice of intent to levy underlying the decision letter was mailed to petitioner's last known address. Respondent filed a status report stating that a copy of the final notice of intent to levy for 1999, 2000, and 2001 could not be found. Although a copy of a certified mailing list was attached indicating that a document was mailed to petitioner at Henderson, North Carolina, on November 24, 2004, respondent was unable to provide the Court with a copy of the last tax return that petitioner filed before November 2004.

On July 14, 2006, the Court issued an order which dismissed for lack of jurisdiction and deemed stricken so much of the petition as pertained to the decision letter because respondent did not make a determination under section 6330 in that he failed to send the written notice required under section 6330(a) to petitioner at her last known address.

On July 18, 2006, the Court entered an order of dismissal and decision granting respondent's motion to dismiss the case on the ground that the petition failed to state a claim for relief concerning respondent's notices of determination pertaining to the liens for 1999, 2000, 2001, and 2002 and the levy for 2002. Although the Court found that petitioner was not liable for a penalty pursuant to section 6673, the Court stated: "we nevertheless will take this opportunity to admonish petitioner

that the Court will consider imposing such a penalty should she return to the Court and advance similar arguments in the future." Petitioner did not appeal, and on October 16, 2006, the decision became final.

Petitioner's Present Case

On August 9, 2006, respondent sent petitioner a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing, advising petitioner that respondent intended to levy to collect the unpaid liabilities for the years at issue and that petitioner could receive a collection hearing with respondent's Appeals Office.[1]

On September 8, 2006, petitioner sent respondent a Form 12153, Request for a Collection Due Process Hearing. On March 12, 2007, the settlement officer assigned to the case requested information from petitioner and requested a telephone conference with petitioner. On April 2, 2007, petitioner faxed a packet of documents to the settlement officer raising the underlying liability and expressing an interest in collection alternatives. On April 3, 2007, the settlement officer offered a face-to-face conference with petitioner and requested a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, to consider collection alternatives. Petitioner did

[1]The Aug. 9, 2006, notice was within 90 days of our order of July 14, 2006, but the notice does not violate sec. 6330(e). See McGowen v. Commissioner, T.C. Memo. 2008-125.

not respond to the settlement officer's request, provide any information regarding collection alternatives, or request a face-to-face conference with the settlement officer. On June 12, 2007, respondent's Appeals Office issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination).

On July 17, 2007, petitioner filed a petition with this Court seeking relief from respondent's notice of determination. The reasons petitioner set forth were frivolous and groundless.

On April 2, 2008, respondent filed the motion for summary judgment and to impose a penalty under section 6673. Petitioner filed a notice of objection thereto.

### Discussion

Summary Judgment

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving that there is no genuine issue of material fact. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). When a motion

for summary judgment is made and supported as provided in Rule 121, the party opposing summary judgment must set forth specific facts which show that a question of genuine material fact exists and may not rely merely on allegations or denials in the pleadings. Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986).

Respondent argues that since the prior case (Wolcott v. Commissioner, docket No. 3258-06L) involved petitioner and the same years at issue as the present case, and because the Court issued a final judgment as to the merits, section 6330(c)(2)(B) prevents petitioner from raising the underlying liability in this case because petitioner already had a chance to do so. Petitioner may not raise the underlying tax liability in this case because she has already had an opportunity to challenge it. See sec. 6330(c)(2)(B). This Court reviews the Appeals Office's administrative determination with respect to nonliability issues for an abuse of discretion. Goza v. Commissioner, 114 T.C. 176 (2000).

On the undisputed facts respondent did not abuse his discretion in determining to proceed with the collection action in the notice of determination with respect to the years at issue.

Section 6673 Penalty

As discussed earlier in the Court's order of dismissal and decision entered July 18, 2006, in <u>Wolcott v. Commissioner</u>, docket No. 3258-06L, petitioner was admonished that the Court would consider imposing a penalty should she return to this Court and continue to advance frivolous arguments.

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears that a taxpayer instituted or maintained a proceeding in the Court primarily for delay or that a taxpayer's position in such a proceeding is frivolous or groundless. Section 6673(a)(1) applies to collection proceedings. See <u>Pierson v. Commissioner</u>, 115 T.C. 576 (2000); <u>Hoffman v. Commissioner</u>, T.C. Memo. 2000-198.

Petitioner's request for a hearing, her petition, and her reply make arguments under the "public protection clause" of the Paperwork Reduction Act. See <u>United States v. Dawes</u>, 951 F.2d 1189, 1193 (10th Cir. 1991) ("Congress enacted the PRA [Paperwork Reduction Act] to keep agencies, including the IRS, from deluging the public with needless paperwork. It did not do so to create a loophole in the tax code."); <u>Wheeler v. Commissioner</u>, 127 T.C. 200, 208 (2006) ("The Paperwork Reduction Act is not a defense * * * nor does it create a loophole in the Code."), affd. 521 F.3d 1289 (10th Cir. 2008). In addition, petitioner's notice of

objection contained statements, contentions, and arguments that the Court finds to be frivolous and/or groundless.  Petitioner raises the same frivolous arguments that she raised in her prior case.  See <u>Wolcott v. Commissioner</u>, docket No. 3258-06L; <u>supra</u> pp. 3-5.

Petitioner has failed to set forth any genuine issue of material fact.  In her petition, reply, and notice of objection to respondent's motion, petitioner raises the same frivolous arguments.  Petitioner's actions establish that she is using the collection proceedings primarily for delay.

We cautioned petitioner in her prior case that she might be subject to a penalty if in the future she instituted or maintained a proceeding in this Court primarily for delay or her position in any such proceeding was frivolous or groundless.  We find that petitioner is liable for a penalty under section 6673 in the amount of $1,000.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.