**Paul B. DING; Jane C. Ding, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 98–70848.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 10, 1999[1]

Filed Dec. 30, 1999

Paul B. Ding and Jane C. Ding, Pro Se, Garden Grove, California, for the petitioners-appellants.

Loretta C. Argrett, Assistant Attorney General, Washington, D.C.; David I. Pincus and Sara Ann Ketchum, United States Department of Justice, Washington, D.C., for the respondent-appellee.

Before: BROWNING, RYMER, and KLEINFELD, Circuit Judges.

RYMER, Circuit Judge:

The question before us is whether pass-through items from Subchapter S corporations (S corporations) can be included in determining self-employment tax liability under § 1402(a) of the Internal Revenue Code.

Taxpayers Paul and Jane Ding appeal from the tax court's determination that they were not entitled to deduct pass-

---

1. The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

through losses from two S corporations for purposes of calculating their self-employment tax. The tax court held that § 1402(a) of the Internal Revenue Code, which defines "net earnings from self-employment," does not permit the inclusion of S corporation pass-through items. The Dings argue that the purpose of § 1402(a) indicates that S corporation pass-through items should be included, although the text is silent on this point. Based upon the plain language of § 1402(a), fundamental rules of corporate law, and the structure of the tax code, we affirm that S corporation pass through-items are not properly included in determining self-employment tax liability.

## I.

The Internal Revenue Service (IRS) determined deficiencies in the Dings' 1991 and 1992 federal income tax returns of $3,562 and $6,159, respectively, because the Dings improperly included S corporation pass-through items in determining their self-employment tax liability. Paul Ding was the president of three S corporations of which the Dings owned between 50–100 percent. Two of the S corporations operated restaurants (Port Orient One, Inc. and Port Orient Two, Inc.), the third a hotel (Bridgeport Inn, Inc.). The Dings provided various services to the three S corporations through Ding Trading, a sole proprietorship. For 1991, the Dings reported a negative net earnings from self-employment because of the losses from two of the S corporations. For 1992, the Dings carried over the excess 1991 losses and reported negative net earnings from self-employment. As such, the Dings found no self-employment tax liability for 1991 and 1992.

■ The tax court offered three reasons for its holding that S corporation pass-through items cannot be included in calculating self-employment tax liability under § 1402(a). First, the tax court cited a 1959 revenue ruling which held that S corporation pass-through items from I.R.C. § 1366 cannot be taken into account as "a trade or business" carried on by the shareholder: "Neither the election by a corporation as to the manner in which it will be taxed for Federal income tax purpose [sic.] nor the consent thereto by the persons who are shareholders results in the consenting shareholder's [sic.] being engaged in carrying on the corporation's trade or business." Rev. Rul. 59–221, 1959–1 C.B. 225. Although revenue rulings are only persuasive, see *Walt Disney Inc. v. C.I.R.*, 4 F.3d 735, 740 (9th Cir. 1993), the tax court found significant that Congress had not disturbed the 1959 revenue ruling in any of its 30 subsequent modifications to § 1402. Second, the tax court noted that two principles of corporate law militated in favor of the IRS's reading of § 1402(a): (1) a corporation is a separate entity from its shareholders and (2) the business of a corporation is separate and distinct from the business of its shareholders. See *Moline Properties, Inc. v. C.I.R.*, 319 U.S. 436, 63 S.Ct. 1132, 87 L.Ed. 1499 (1943); *Deputy v. du Pont*, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416 (1940). Third, the tax court noted that I.R.C. § 1366 provides that a shareholder's pro rata share of an S corporation's pass-through items is only taken into account in determining the tax liability imposed under chapter 1 of the I.R.C., whereas the self-employment tax falls under chapter 2.

■ We review questions of statutory interpretation de novo. See *Scar v. C.I.R.*, 814 F.2d 1363, 1366 (9th Cir.1987).

## II.

■ Sections 1401 and 1402 of the Internal Revenue Code establish that net earnings from self-employment are taxable income. Section 1402(a) defines "net earnings from self-employment" to be "gross income derived by an individual from any trade or business carried on by such individual ... plus his distributive share ... of income or loss described in section 702(a)(8) from any trade or business car-

ried on by a partnership of which he is a member...." I.R.C. § 1402(a). The Dings seek to include in the definition of 1402(a) the losses incurred by two partially-owned S corporations for which the Dings performed all business duties through their sole proprietorship, Ding Trading. An S corporation is a small business corporation that is taxed like a partnership, with income passed through to the shareholders on a pro rata basis. *See* I.R.C. §§ 1361(a)(1), 1363(a), 1366(a), and 1371(a)(1).

Based on the plain text of § 1402(a), the IRS argues that the Dings' self-employment tax liability computation should only consider (1) the net profits and losses attributable to the Dings' sole proprietorships and (2) their partnership loss. Because no reference is made to them in the statute or the regulations, the IRS argues that pass-through items from the S corporations cannot be considered. The Dings respond by pointing out that the S corporation provisions were not enacted until after Congress established the self-employment tax, which explains why the statute does not expressly reference them. The Dings assert that Congress intended to include S corporation pass-through items where a shareholder actively participates in the business of the corporation because such situations are tantamount to self-employment. This must be so, the Dings argue, because in these situations the S corporation is considered part of the shareholder's trade or business.

We begin with the language of the statute. As the IRS notes, § 1402(a) does not refer to pass-through items from S corporations. In addition, Treas. Reg. § 1.1402(c)–1 provides: "In order for an individual to have net earnings from self-employment, he must carry on a trade or business, either as an individual or as a member of a partnership." The Dings argue that this constitutes an accidental omission on the part of Congress as evidenced by the fact that § 1402 was written prior to the creation of S corporations. Congress's failure to correct this "oversight" in the past 41 years, however, indicates otherwise—particularly in light of the 1959 revenue ruling expressly finding that S corporation pass-through items are not included as self-employment income, 59–221, 1959–1 C.B. 225.

We recognized the continuing validity of the 1959 revenue ruling in *Durando v. United States,* where we held that S corporation shareholders are not considered "self-employed" under § 1402(a) and thus cannot deduct pass-through income contributed to a shareholder's Keogh plan. 70 F.3d 548, 550 (9th Cir.1995). As we explained, "a shareholder must include pass-through income in calculating his gross income, but not in calculating his net earnings from self-employment." *Id.* at 550 n. 5. *Durando* also illuminated the relationship between S corporations and § 1402(a), explaining that the pass-through structure of S corporations did not obliterate the distinction between the business of shareholders and the business of the corporation: "These differences make it improper to treat income earned by a corporation through its trade or business as though it were earned directly by its shareholders, even when, as here, the shareholders' services help to produce that income. An S corporation's income passes through to its shareholders not because they helped to create that income, but because they are shareholders." *Id.* at 552. Although S corporations blur the line between corporations and partnerships for tax purposes, an S corporation maintains its corporate form. The Tenth Circuit made this clear when, after reviewing the legislative history of the S corporation provisions, it held that "corporations which are treated under the provisions of Subchapter S retain their corporate character and do not assume any of the characteristics of a partnership."[2] *United States v.*

---

**2.** Although the Subchapter S Revision Act of 1982 substantially altered S corporations,

"there is no indication ... that Congress intended to affect the tax on self-employment

*Richardson,* 469 F.2d 349, 351 (10th Cir. 1972). As such, the principles separating the shareholder from the corporation, and their businesses, apply to S corporations. "[I]t is a longstanding rule that a corporation and its shareholders are separate entities.... The business of a corporation is not the business of its shareholders." *Durando,* 70 F.3d at 551 n. 9 (citing cases).

In addition, as the tax court noted, § 1366 only permits use of S corporation pass-through items in calculating chapter 1 tax liability, not chapter 2—in which the self-employment tax provision is located. I.R.C. § 1366(a)(1). Thus, the plain language of § 1366 tracks the rule that "require[s] shareholders to treat income received as passthroughs from their S corporations as distinct from income the same shareholders received for providing personal services to their corporations." *Catalano v. C.I.R.,* T.C. Memo. 1998–447, 1998 WL 892263 (U.S.Tax Ct. December 23, 1998).

The Dings fail to offer anything in support of their reading of § 1402(a) beyond their conjecture as to what Congress silently intended. In light of the 1959 revenue ruling, the fundamental distinction between shareholders and corporations and their respective businesses, and the structure of the tax code, this conjecture cannot support our reading into § 1402(a) the inclusion of S corporation pass-through items.

### III.

■ The Dings also argue that the tax court erred in failing to recharacterize certain management fees paid by Bridgeport Inn, Inc., an S corporation, to D & W Investment, a partnership of which the Dings owned 50 percent, as wages paid directly to the Dings as corporate employees. The Dings raised this issue for the first time during the Rule 155 proceeding to compute the deficiency in accordance with the tax court's decision. *See* Tax Ct.

income." Eustice and Kuntz, Fed. Income

R. 155(a). Under the plain language of Rule 155(c), and as this court held in *Paccar, Inc. v. C.I.R.,* 849 F.2d 393, 399–400 (9th Cir.1988), "no argument will be heard upon or consideration given to ... any new issues." Because the Dings failed to raise this issue earlier, and as it would have required the tax court to consider new evidence, Rule 155 forbade its consideration. As the issue was not properly raised with the tax court, we cannot consider it on appeal.

AFFIRMED.