127 T.C. No. 1

UNITED STATES TAX COURT

CHARLOTTE AND CHARLES T. GEE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8755-05.                    Filed July 24, 2006.

P rolled over a distribution from her deceased husband's individual retirement account (IRA) into her separate IRA upon her husband's death. Four years later, P received a distribution from her IRA. She claims that the distribution was an amount received from her deceased husband's IRA and therefore exempt from the 10-percent additional tax on early distributions under sec. 72(t)(2)(A)(ii), I.R.C., as a distribution to a beneficiary upon a decedent's death.

1. <u>Held</u>: P received an early distribution from her own IRA subject to the sec. 72(t), I.R.C., additional tax. The amount received from P's deceased husband's IRA lost its character as a distribution made to a beneficiary upon a decedent's death once P transferred the funds to her separately owned IRA.

2. <u>Held</u>, <u>further</u>, Ps are not liable for the accuracy-related penalty under sec. 6662(a), I.R.C.

Ed Daniel IV, for petitioners.

Caroline R. Krivacka, for respondent.

OPINION

KROUPA, Judge:  Respondent determined a $97,789 deficiency in petitioners' Federal income tax for 2002 and determined that petitioners are liable for the accuracy-related penalty under section 6662(a)[1] for 2002.

There are two issues for decision.  The first issue is whether a $977,888 distribution petitioner Charlotte Gee (petitioner) received in 2002 from an individual retirement account (IRA) she maintained only in her name, and which had been funded in part with a rollover from her deceased husband's IRA, is subject to the 10-percent additional tax on early distributions under section 72(t).  We hold that the distribution is subject to the additional tax under section 72(t).

The second issue is whether petitioners are liable for the accuracy-related penalty under section 6662(a) for substantial understatement of income tax.  We hold that they are not.

Background

This case was submitted to the Court fully stipulated under Rule 122.[2]  The stipulation of facts and the accompanying

---

[1]All section references are to the Internal Revenue Code (Code) in effect for the year at issue, unless otherwise indicated, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]We decide this case without regard to the burden-shifting rule of sec. 7491(a)(1) because the parties stipulated all the facts in dispute under Rule 122.

exhibits are incorporated by this reference, and the facts are so found.  Petitioners resided in Bolivar, Tennessee, when they filed the petition.

Petitioner opened an IRA with PaineWebber in 1993.  Her husband at the time, Ray A. Campbell, Jr. (Mr. Campbell), also opened an IRA with PaineWebber in 1993.  Petitioner was married to Mr. Campbell when the IRAs were established and remained married until Mr. Campbell's death on June 21, 1998, at age 73.

Mr. Campbell was the sole owner of his IRA, account number MN 21719 17, and petitioner was the primary beneficiary. Petitioner was the sole owner of her IRA, account number MN 21712 17, when Mr. Campbell died.

Petitioner requested PaineWebber to distribute the entire balance in Mr. Campbell's IRA to her IRA at PaineWebber. PaineWebber distributed $1,010,988.38 to petitioner's separately owned IRA in July 1998 in the form of a direct rollover. Petitioner was age 51 at the time of the rollover.

Petitioner transferred her IRA funds in November 2000, then totaling $2,646,797.89, to SEI Private Trust Co. (SEI).  In 2002, petitioner requested and received a $977,887.79 distribution from her IRA at SEI.  Petitioner was under age 59½ in 2002 when she received the distribution.

Petitioners reported the IRA distribution on their joint Federal income tax return for 2002 but did not report or remit the 10-percent additional tax on early distributions. Petitioners attached a statement to their return stating that SEI had entered the wrong distribution code on the information

return.  The correct distribution code should have been for "a distribution of IRA for her deceased husband."

Respondent determined that, although the distribution would have been exempt from the 10-percent additional tax when it was made to petitioner's IRA upon Mr. Campbell's death, the funds became subject to the 10-percent additional tax when distributed to her from her own IRA.  Respondent also determined that petitioners are liable for the accuracy-related penalty for substantial understatement of income tax.

Petitioners timely filed a petition with this Court contesting respondent's determinations in the deficiency notice.

Discussion

I.   <u>Whether the IRA Distribution Was Subject to the 10-Percent Additional Tax on Early Distributions</u>

We are asked to decide whether petitioner is liable for the 10-percent additional tax on early distributions under section 72(t).  Section 72(t) imposes a 10-percent additional tax on the amount of an early distribution from a qualified retirement account (as defined in section 4974(c)).[3]  See sec. 72(t)(1).  Section 72(t)(2) provides for certain exceptions to the imposition of this 10-percent additional tax.

The parties agree that the only relevant exception is section 72(t)(2)(A)(ii), which provides that distributions "made to a beneficiary (or to the estate of the employee) on or after the death of the employee" are not subject to the 10-percent

---

[3]The parties agree that petitioner received the distribution in 2002 from her IRA, which was a qualified retirement plan under sec. 4974(c)(4).

additional tax.  Petitioner argues that the entire distribution she received from her IRA was an amount received on or after the death of Mr. Campbell.[4]  We note that this Court has not previously decided whether an IRA distribution retains its character as a distribution to a beneficiary "on or after the death of an employee" if the distribution is of funds that were rolled over to the IRA upon the employee's death.

Respondent argues that once petitioner as surviving spouse decided to maintain the funds in an account in her own name as owner of the IRA, she became the owner of the IRA "for all purposes of the Code," relying upon section 1.408-8, Q&A-5 and 7, Income Tax Regs.  Petitioner counters that the funds from her deceased husband's IRA did not lose their character as funds from her deceased husband's IRA.  Even though petitioner rolled over the funds from her deceased husband's IRA into her separate IRA, petitioner did not make any additional contributions after her husband died and also did not "redesignate" the account as her own.  See sec. 1.408-8, A-5(b), Income Tax Regs.  We agree with respondent.

We find that petitioner received the distribution from her own IRA, not from an IRA of which she was a beneficiary on or after the death of an employee.  We further find that the source of the amount received, whether originating from her deceased husband's IRA or petitioner's own contributions, is irrelevant. We recognize that petitioner may not have technically

_____

[4]Petitioner specifically argues that the distribution was of funds she inherited from her deceased husband's IRA.  We use the statutory language rather than the vernacular petitioner uses.

redesignated the IRA as her own. She did not need to "redesignate" the IRA. The IRA was her previously existing account. We therefore find no merit to petitioner's argument that the rolled over funds retain their character because she did not redesignate her IRA.

Petitioner rolled over the entire amount received from her deceased husband's IRA into her own IRA. Petitioner is and was the sole owner of her separately created IRA. The distribution petitioner received was not occasioned by the death of her deceased husband nor made to her in her capacity as beneficiary of his IRA.

Petitioner cannot have it both ways. She cannot choose to roll the funds over into her own IRA and then later withdraw funds from her IRA without additional tax liability because the funds were originally from her deceased husband's IRA. Accordingly, once petitioner chose to roll the funds over into her own IRA, she lost the ability to qualify for the exception from the 10-percent additional tax on early distributions. The funds became petitioner's own and were no longer from her deceased husband's IRA once petitioner rolled them over into her own IRA. The funds therefore no longer qualify for the exception.

The section 72(t) tax discourages premature IRA distributions that frustrate the intention of saving for retirement. Dwyer v. Commissioner, 106 T.C. 337, 340 (1996); see also S. Rept. 93-383, at 134 (1974), 1974-3 C.B. (Supp.) 80, 213. To avoid the section 72(t) additional tax, petitioner must show that the IRA distribution falls within one of the exceptions

provided under section 72(t)(2).  She has not done so.  Thus, the 10-percent additional tax under section 72(t) applies to the distribution petitioner received from her IRA in 2002.

We accordingly sustain respondent's determination in the deficiency notice that petitioners are liable for the $97,789 additional tax under section 72(t) for 2002.

## II.  Accuracy-Related Penalty

We turn now to respondent's determination that petitioners are liable for the accuracy-related penalty under section 6662(a).  Respondent has the burden of production under section 7491(c) and must come forward with sufficient evidence that it is appropriate to impose the penalty.  See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

Respondent determined that petitioners are liable for the accuracy-related penalty for a substantial understatement of income tax under section 6662(b)(2) for 2002.  There is a substantial understatement of income tax if the amount of the understatement exceeds the greater of either 10 percent of the tax required to be shown on the return, or $5,000.  Sec. 6662(d)(1)(A); sec. 1.6662-4(b), Income Tax Regs.

Petitioners understated their income tax for 2002 by $97,789,[5] which is greater than $5,000 or 10 percent of the tax required to be shown on their return.  Respondent has therefore met his burden of production with respect to petitioners' substantial understatement of income tax.

---

[5]The difference between the required tax of $364,125 and the $266,336 tax reported on the return is $97,789.

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment, however, if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion.  Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances, the most important of which is the extent of the taxpayer's effort to assess his or her proper tax liability for the year.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of law that is reasonable in light of all of the facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.

While the Commissioner bears the burden of production under section 7491(c), the taxpayer bears the burden of proof with respect to reasonable cause.  Higbee v. Commissioner, supra at 446.  The mere fact that we have held against petitioners on the substantive issue does not, in and of itself, require holding for respondent on the penalty.  See Hitchins v. Commissioner, 103 T.C. 711, 719-720 (1994) ("Indeed, we have specifically refused to impose * * * [a penalty] where it appeared that the issue was one not previously considered by the Court and the statutory language was not entirely clear.").

We agree with petitioners that they made a reasonable attempt to comply with the Code in circumstances involving an issue of first impression.  We note that respondent has not

referred us to nor have we found any cases that have previously answered the question before us.  Accordingly, in light of all the facts and circumstances, we find petitioners acted reasonably and in good faith with respect to the underpayment for 2002 and are not liable for the accuracy-related penalty under section 6662(a).

We have considered the other arguments of the parties and, to the extent not discussed, we conclude that the arguments are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered for respondent with respect to the deficiency and for petitioners with respect to the penalty under section 6662(a)</u>.