T.C. Summary Opinion 2008-94

UNITED STATES TAX COURT

REGINALD JARRETT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

THOMAS JARRETT AND JUDA L. JARRETT, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 4873-06S, 4874-06S.    Filed July 31, 2008.

Reginald Jarrett and Thomas Jarrett, pro sese.

Jeanne Gramling, for respondent.

SWIFT, Judge:  These consolidated cases were heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petitions were filed.  Pursuant to section 7463(b), the decisions to be entered are not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Respondent determined

deficiencies in and additions to petitioners' 1999 Federal
income taxes as follows:

| Petitioners | Deficiency | Addition to Tax Sec. 6651(a)(1) | Penalty Sec. 6662(a) |
| --- | --- | --- | --- |
| Reginald Jarrett | $1,251 | $62 | $250 |
| Thomas and Juda Jarrett | 914 | -- | 182 |

Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 1999,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

In these consolidated cases the primary issue for decision
is whether petitioner Thomas Jarrett (Thomas) and petitioner
Reginald Jarrett (Reginald) underreported their respective 1999
self-employment tax liabilities.

## Background

Some of the facts have been stipulated and are so found.

At the time the petitions were filed petitioners resided
in Raleigh, North Carolina.

Thomas and petitioner Juda Jarrett (Juda) were married,
and Reginald is their adult son.

## Thomas

Between 1975 and early 1998 Thomas operated a tax return
preparation business as a sole proprietorship under the name of
TJ's Enterprises.

On March 3, 1998, a North Carolina corporation named Trecom, Inc. (Trecom), was formed by Thomas as an S corporation. Thomas and Reginald were each 50-percent shareholders in Trecom.[1] Thomas and Juda served as Trecom's officers. Nominally, Trecom was incorporated to provide a corporate form for Thomas's tax return preparation business.

After the incorporation of Trecom in 1998 and during 1999, however, Thomas did not make significant changes to the operation of his tax return preparation business. In payment for tax return preparation services, clients continued to make checks out to Thomas personally or to TJ's Enterprises, not to Trecom. Thomas treated funds received for tax return preparation services as his own. Few, if any, of Thomas's clients apparently knew of Trecom's existence.

In 1999 Thomas maintained two bank accounts--one in his own name and one in the name of TJ's Enterprises. In 1999 no bank account was maintained in the name of Trecom.

In 1999 Thomas received certain payments from individual clients of his tax preparation business totaling approximately $7,000.

Some of the payments Thomas received for tax return preparation services were deposited in TJ's Enterprises' bank

---

[1] The record indicates that Juda may have owned some of the shares of stock in Trecom that we treat as owned by Thomas.

account.  Other payments were not deposited in a bank account and were spent by Thomas for personal purposes.

It does not appear that Thomas had an employment agreement with Trecom, that Trecom exercised direction and control over Thomas in his execution of the tax return preparation business, or that in 1999 Trecom paid Thomas a salary.  The record does not indicate that Trecom had any clients or business activity whatsoever.

The evidence does not establish that Trecom performed any tax return preparation services or any other services of any kind for Thomas, for Reginald, or for anyone else.

Thomas prepared and timely filed with Juda a 1999 joint Federal income tax return.  Thomas attached a Schedule C, Profit or Loss From Business, for TJ's Enterprises reflecting $17,444 in total gross income (which included the $7,000 Thomas received for tax return preparation services), $16,420 in expenses (including $7,000 in expenses Thomas allegedly paid to Trecom for professional services allegedly rendered by Trecom to TJ's Enterprises), and taxable income of $1,024, on which Thomas calculated and reported a total 1999 self-employment tax liability of just $145.

Thomas also attached a Schedule E, Supplemental Income and Loss, and reported as passthrough income from Trecom the $7,000

that Thomas had reported on his Schedule C as paid to Trecom for professional services.

Reginald

During 1999 Reginald operated a cabinet installation business as a sole proprietorship.

Reginald was not an employee of Trecom and performed no services for Trecom, and Trecom did not pay Reginald a salary.

Thomas timely prepared Reginald's 1999 Federal income tax return, and on May 12, 2000, Reginald filed his 1999 Federal income tax return late. The attached Schedule C for Reginald's cabinet installation business reported $20,149 in total gross income, $19,363 in expenses, and $786 in taxable income, on which Reginald calculated and reported a total self-employment tax liability of just $111. Included among the $19,363 in claimed business expense deductions of Reginald's cabinet installation business was $7,200 in expenses allegedly paid by Reginald to Trecom for professional services Trecom allegedly provided to Reginald. Reginald also attached a Schedule E, and reported as passthrough income from Trecom the $7,200 that Reginald had reported on his Schedule C as paid to Trecom for professional services.

Trecom

Thomas also prepared and filed Trecom's 1999 Form 1120S, U.S. Income Tax Return for an S Corporation, on which Trecom reported $14,200 of income (consisting solely of the above $7,000 and $7,200 Thomas and Reginald allegedly paid to Trecom). Attached to Trecom's 1999 Form 1120S were two Schedules K-1, Shareholder's Share of Income, Credits, Deductions, etc., reflecting the $14,200 purportedly earned by Trecom and passed through to Thomas and to Reginald as shareholders of Trecom ($7,000 to Thomas and $7,200 to Reginald).

For 1999 Trecom did not file a Form 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, or any Forms 941, Employer's Quarterly Federal Tax Return.

In summary, through the above Federal income tax reporting for 1999, Thomas and Reginald claimed deductions from their gross income ($7,000 and $7,200 respectively) that eliminated the identical earned income amounts and then reported the same amounts as unearned passthrough income from Trecom. Obviously, such reporting did not affect taxable income or Thomas's and Reginald's reported 1999 Federal income tax liability, but it did convert reported earned income (on which self-employment taxes would be due) into reported unearned income (on which no self-employment taxes would be due).

IRS Audits

On audit of Thomas's return for 1999, respondent disallowed the $7,000 in Schedule C expenses claimed for payments allegedly made to Trecom, and respondent removed from Thomas's income the $7,000 Thomas reported as passthrough income from Trecom.  On the basis of respondent's adjustments, respondent then increased Thomas's self-employment tax liability from $145 to $1,134 and allowed Thomas a deduction for one-half of the recalculated self-employment tax.

On audit of Reginald's return for 1999, respondent allowed $11,285 and disallowed $8,078 of the total $19,363 in expenses Reginald claimed on his 1999 tax return.  The disallowed expenses included the entire $7,200 that Reginald claimed he had paid to Trecom as well as $611 of car and truck expenses and $500 of storage expenses.  Respondent removed from Reginald's income the $7,200 that Reginald reported as passthrough income from Trecom.  Respondent then increased Reginald's 1999 self-employment tax liability from $111 to $1,252, and respondent allowed Reginald a deduction for one-half of the recalculated self-employment tax.

## Discussion

### Self-Employment Tax

Under section 1401 self-employment income of individuals is subject to self-employment tax. Self-employment income consists of earnings derived from the self-employment of an individual less allowable business expense deductions. Sec. 1402(a) and (b). Income received in a trade or business operated as a sole proprietorship generally constitutes self-employment income and is subject to self-employment taxes. Sec. 1.1402(c)-1, Income Tax Regs.

Income received in a trade or business conducted as an S corporation and passed through to its shareholders, however, generally is not considered to be self-employment income and is not subject to self-employment taxes. Ding v. Commissioner, T.C. Memo. 1997-435, affd. 200 F.3d 587 (9th Cir. 1999); Rev. Rul. 59-221, 1959-1 C.B. 225.

Respondent has treated income that Thomas and Reginald received in their respective sole proprietorships as their individual income and imposed thereon self-employment taxes. Respondent disallowed expense deductions for the alleged $14,200 in payments to Trecom and disregarded the $14,200 in reported passthrough income from Trecom.

The limited record before us establishes that in 1999 Thomas and Reginald operated their businesses as sole

proprietors. The income in question is to be treated as earned not by Trecom but by Thomas and Reginald individually and is subject to self-employment taxes.

The record establishes that the alleged $14,200 in payments on the one hand between Thomas and Reginald to Trecom and on the other hand from Trecom to Thomas and Reginald lacked economic substance and should be disregarded.

Transactions that lack economic substance (other than tax benefits) are not recognized for Federal tax purposes. Nicole Rose Corp. v. Commissioner, 117 T.C. 328, 336 (2001), affd. 52 Fed. Appx. 545 (2d Cir. 2002), published at 320 F.3d 282 (2d Cir. 2003); Winn-Dixie Stores, Inc. v. Commissioner, 113 T.C. 254, 278 (1999), affd. 254 F.3d 1313 (11th Cir. 2001). The Commissioner may ignore the parties' characterization of transactions that lack economic substance, and the Commissioner may instead tax the transactions according to their true nature. Rice's Toyota World, Inc. v. Commissioner, 752 F.2d 89, 95 (4th Cir. 1985), affg. in part and revg. in part on other grounds 81 T.C. 184 (1983).

Clearly, the alleged offsetting $14,200 in payments between Thomas and Reginald and Trecom had no business purpose and produced only reported self-employment tax avoidance for Thomas and Reginald. As respondent determined, Thomas and Reginald may not deduct the claimed $7,000 and $7,200 payments

allegedly made to Trecom as business expenses, and the $7,000 and the $7,200 in alleged passthrough income from Trecom to Thomas and to Reginald is not includable in petitioners' income as S corporation passthrough income. The $7,000 and $7,200 are includable in Thomas's and Reginald's respective gross business income and are subject to self-employment taxes.[2]

Reginald's Other Expenses

With regard to deductions disallowed by the Commissioner in a notice of deficiency, generally taxpayers bear the burden to prove that the deductions are allowable. Rule 142(a)(1); Turner v. Commissioner, 126 T.C. 299, 310 (2006). Petitioners have not argued that the burden of proof has shifted to respondent. See sec. 7491(a).

No information was provided regarding the disallowed storage expenses. A reconstructed mileage log Thomas provided for Reginald at trial does not support the $611 car and truck expense deduction respondent disallowed. See secs. 162, 274(d).

---

[2] For a case involving a fact pattern similar to that involved herein and holding that income allegedly passed through from an S corporation was to be treated as wage income and subject to employment taxes, see Arnold v. Commissioner, T.C. Memo. 2007-168. See also Spicer Accounting, Inc. v. United States, 918 F.2d 90, 92-93 (9th Cir. 1990); Joly v. Commissioner, T.C. Memo. 1998-361, affd. without published opinion 211 F.3d 1269 (6th Cir. 2000).

Petitioners have not met their burden of proof relating to storage and car and truck expenses. We sustain respondent's disallowance of these items.

## Section 6662(a) Penalty

Under section 6662(a) a 20-percent penalty is imposed on the amounts of taxes shown due on Federal income tax returns attributable to negligence or disregard of Federal income tax rules or to substantial understatements of income taxes. Sec. 6662(a) and (b)(1) and (2).

For purposes of section 6662(a) negligence includes failure to make a reasonable attempt to comply with the tax laws. Sec. 6662(c); Nicole Rose Corp. v. Commissioner, supra at 341.

Under section 6664(c)(1) a taxpayer who had reasonable cause for and in good faith took a position that created an underpayment may be excepted from imposition of a section 6662(a) penalty. Gee v. Commissioner, 127 T.C. 1, 5-6 (2006).

Respondent has met his burden of production under section 7491(c) relating to imposition of the section 6662(a) penalties, and petitioners bear the burden to show why they should be excepted from the penalties. See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Petitioners have not met their burden.

We sustain respondent's section 6662(a) penalties as to petitioners.

Section 6651(a)(1) Additions to Tax

Under section 6651(a)(1) an addition to tax is imposed on the amount of tax shown due on late-filed Federal income tax returns in the amount of 5 percent for each month or part of a month that the return is late with a maximum addition to tax of 25 percent of the amount of tax shown due. The addition to tax under section 6651(a)(1) will not be imposed, however, if the taxpayer demonstrates that the late filing was for reasonable cause and not due to the taxpayer's willful neglect. Sec. 6651(a)(1); McGowan v. Commissioner, T.C. Memo. 2008-125.

Reginald admits that his 1999 Federal income tax return was filed late. Reginald does not argue that he had reasonable cause to file his return late or that his late filing was not due to willful neglect. Reginald only argues that because a de minimis amount of tax was shown due on his 1999 Federal income tax return, he should not have to pay the section 6651(a)(1) addition to tax. There is no de minimis statutory or regulatory exception from the imposition of the section 6651(a)(1) penalty, and Reginald is liable therefor.

To reflect the foregoing,

Decisions will be entered

for respondent.