**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEST WESTERN INTERNATIONAL INCORPORATED, an Arizona non-profit corporation,<br><br>           Plaintiff-counter-defendant - Appellee,<br><br>  v.<br><br>AV INN ASSOCIATES 1, LLC, a California limited liability company; HOOSHANG HAROONI,<br><br>           Defendants-counter-claimants - Appellants. | No. 10-16851<br><br>D.C. No. 2:08-cv-02274-DGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted December 7, 2011
San Francisco, California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: O'SCANNLAIN and BERZON, Circuit Judges, and ENGLAND, District Judge.**

Plaintiff-Counterdefendant Best Western International Inc. (Best Western) sued Defendants-Counterclaimants Hooshang Harooni and AV Inn Associates 1, LLC (collectively, Harooni) for breach of contract, breach of open account, and breach of account stated, seeking to collect unpaid amounts relating to Harooni's recently terminated Best Western membership. Harooni individually counterclaimed for breach of contract, breach of implied contract, and breach of the implied covenant of good faith and fair dealing. On cross-motions for summary judgment, the district court granted summary judgment for Best Western on both its claims and Harooni's counterclaims. We affirm.[1]

1. Harooni challenges the district court's application of Arizona law to this dispute, which he maintains should be governed by the California Franchise Relations Act, Cal. Bus. & Prof. Code § 20000 *et seq*. Because the federal district

---

** The Honorable Morrison C. England, Jr., District Judge for the U.S. District Court for the Eastern District of California, sitting by designation.

[1] In addition to the issues we address, Harooni contends that allowing Best Western to prevail on its claims would effect an inequitable forfeiture and that the reasonable expectations doctrine should estop Best Western from enforcing the contract. We do not reach these issues, however, because Harooni did not argue them with sufficient specificity in his opening brief. *See, e.g.*, *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

2

court hearing this diversity dispute sits in Arizona, Arizona conflict of laws principles govern. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Arizona applies the law of the forum state, unless a conflict affecting the outcome of the litigation exists between the laws of the forum state and the laws of another interested state. *See Bruce Church, Inc. v. United Farm Workers of Am.*, 816 P.2d 919, 930 n.8 (Ariz. Ct. App. 1991); *Lombardo v. Pollock*, 521 P.2d 636, 637 (Ariz. Ct. App. 1974). Harooni does not identify, and we cannot locate, any conflict between California and Arizona law affecting the outcome of this litigation. The district court therefore did not err in applying Arizona law.

2. Harooni contends that the district court erred in holding that Ariz. Rev. Stat. § 10-3621 did not require Best Western to hold a "fair" pre-termination hearing. In so holding, the district court purported to apply § 10-3621(B)(1). Section 10-3621(A), however, requires corporations to terminate members pursuant to any procedures set forth in the corporation's governing documents or in an agreement between the member and the corporation. Best Western's Members' Bill of Rights states that each member of Best Western shall have "[t]he right to continue membership in Best Western except where termination or cancellation is provided for pursuant to the fair application of established Bylaws and Rules and Regulations, which shall provide that cancellation may not occur

3

until after a hearing before the Board of Directors, if requested by the member." We thus conclude that § 10-3621 did require Best Western to hold a "fair" pre-termination hearing.

The district court may, however, be affirmed on any grounds supported by the record. *See Mustang Mktg., Inc. v. Chevron Prods. Co.*, 406 F.3d 600, 606 (9th Cir. 2005). Although Harooni contends that his pre-termination hearing was unfair, he does not cite any evidence in the record that raises a genuine issue of material fact as to the hearing's fairness. Harooni was not, for example, thwarted in any attempt to present witnesses or documents supporting his position. Summary judgment was therefore appropriate. *See, e.g.*, *Corales v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009).

3. Harooni maintains that Best Western terminated his membership in bad faith, using his failed inspections as a pretext for the termination. Contrary to Harooni's submission, Best Western's exercise of discretion in conducting the inspections does not itself demonstrate the existence of bad faith. *Cf. Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 30 (Ariz. 2002) ("The good faith performance doctrine may be said to permit the exercise of discretion for any purpose – including ordinary business purposes – reasonably within the contemplation of the parties." (quoting

4

*Sw. Sav. & Loan Ass'n v. SunAmp Sys., Inc.*, 838 P.2d 1314, 1319–20 (Ariz. Ct. App. 1992))). Harooni does not identify any other evidence raising a genuine issue of material fact as to whether Best Western terminated his membership in bad faith.

4. Harooni argues that Best Western's improper termination of his membership violated its fiduciary obligations. "A commercial contract creates a fiduciary relationship only when one party agrees to serve in a fiduciary capacity." *Urias v. PCS Health Sys., Inc.*, 118 P.3d 29, 35 (Ariz. Ct. App. 2005); *cf. Consumers Int'l, Inc. v. Sysco Corp.*, 951 P.2d 897, 902 (Ariz. Ct. App. 1997) (holding that the implied covenant of good faith and fair dealing does not require a franchisor to show good cause for terminating a franchise agreement). Harooni has not identified any evidence in the record showing that Best Western agreed to serve in a fiduciary capacity. As a result, he has failed to raise a genuine issue of material fact regarding the existence of any fiduciary obligations.

5. Harooni contends that Article II, § 7(A)(7) of Best Western's Bylaws and ¶ 12 of the Members' Bill of Rights required Best Western to offer him a conditional extension of membership in lieu of termination. He is mistaken. Members who continue to violate Best Western's rules and regulations after receiving a discretionary extension of membership, under Article II, § 8 of the

5

Bylaws, can either be terminated automatically (under § 7(A)(7)) or penalized (under ¶ 12). Because the Board decided not to grant Harooni a conditional extension of membership pursuant to § 8, neither ¶ 12 nor § 7(A)(7) applies.

6. Harooni contends that he is entitled to recover the losses incurred by his corporate entities, AV Operations Group, Inc. and AV Inn Associates 1, LLC. We will assume for purposes of this issue and the next that Harooni's counterclaim sought to, or could have been amended to, state a fraud-in-the-inducement claim independent of the contract issues we have decided against him. We nonetheless disagree that any such claim should have been allowed to proceed. AV Operations Group was not a party to either the Membership Agreement or this litigation, and AV Inn Associates was barred from asserting a counterclaim. Accordingly, neither entity may recover from Best Western in this dispute. Moreover, even if Harooni could assert an individual counterclaim on behalf of his corporate entities, he has not done so here.

7. Finally, Harooni maintains that he sufficiently established his personal damages. He argues that the losses suffered by his corporate entities, which passed through to him under federal and state tax law, constitute personal damages. Contrary to Harooni's submission, the special tax rules applied to S corporations do not alter the entities' corporate character or subvert the legal principles separating

the shareholder from the corporation. *Ding v. Comm'r*, 200 F.3d 587, 589-90 (9th Cir. 1999); *see also Schroeder v. Hudgins*, 690 P.2d 114, 117 (Ariz. Ct. App. 1984) (stating that a shareholder "may not maintain an action individually for wrongs against the corporation"), *abrogation on other grounds recognized by Franko v. Mitchell*, 762 P.2d 1345, 1353 n.1 (Ariz. Ct. App. 1988).

Harooni also argues that the funds he personally invested to renovate the hotel establish his individual damages. He relies on the testimony of Scott Evans, his "accountant and financial expert," to establish his personal losses. The district court disregarded Evans's testimony because Harooni did not properly disclose Evans as an expert witness and did not argue that Evans should be considered a percipient witness until the motion for reconsideration. Harooni now maintains, in his reply brief, that the court should have accepted Evans's testimony because Evans was a percipient witness. We decline to reach this argument, because Harooni did not adequately preserve it before the district court and did not argue it in his opening brief here. *See Intercontinental Travel Mktg, Inc. v. FDIC*, 45 F.3d 1278, 1286 (9th Cir. 1994); *Greenwood*, 28 F.3d at 977. Furthermore, Harooni has not demonstrated how the amount of investments he allegedly made in improvements establish his individual damages for a claim based on fraudulently inducing his corporate entity's original purchase of the hotel.

7

**AFFIRMED.**